## PALMETTO FIRE INS. CO. v. CONN,
### Superintendent of Insurance of Ohio.

(District Court, S. D. Ohio, E. D. October 19, 1925.)

No. 384.

1. **Courts ⊚⟞303(2)—Federal court has jurisdiction to prevent insurance commissioner from carrying order revoking license into effect.**

Where insurance commissioner of state revoked license of foreign fire insurance corporation because, in his opinion, plan of insurance was prohibited by state statutes, after corporation had notified him that it intended to bring suit to restrain him from so acting, restraining injunction may be issued in federal court, to prevent commissioner carrying order of revocation into effect.

2. **Injunction ⊚⟞5—Hasty action to anticipate litigation rectified by mandatory injunction.**

Hasty action to anticipate litigation may be rectified by mandatory injunction.

3. **Insurance ⊚⟞20—Statute held valid.**

While Gen. Code Ohio, § 5438, prohibiting company authorized to transact business in Ohio from writing insurance on property located in state, except through legally authorized agent in state, is in furtherance of state's taxing policy, it is a valid provision, and foreign insurance company must comply therewith in order to do business in Ohio.

4. **Insurance ⊚⟞20—Automobile open policy plan violated state law.**

Foreign insurance company, licensed in Ohio, made in Michigan an open contract of insurance with C. Co., a Michigan corporation selling C. automobiles, agreeing to issue certificates of insurance to purchasers of C. cars wherever sold, under which plan C. Co. collects from its dealers, in various states, whenever car is delivered to dealer, the amount of premium for such insurance, and dealer in turn collects a like amount from car purchaser as part of purchase price, and certificate is then issued to purchaser, C. Co., making monthly remittance to insurer of premiums so collected. C. retail car dealers were not qualified as insurance agents under Ohio laws. *Held*, that this open policy plan, by a company authorized to do business in Ohio, is contrary to Gen. Code Ohio, § 5438, prohibiting insurance of Ohio property, except through agent legally authorized in Ohio, and such violation of statute justified revocation of insurance company's Ohio license by that state.

In Equity. Suit by the Palmetto Fire Insurance Company against Harry L. Conn, Superintendent of Insurance for the State of Ohio. Application for injunction denied, and case dismissed.

S. B. Randall, of Columbus, Ohio, and Cabell, Ignatius & Lown, of New York City, for plaintiff.

C. C. Crabbe, Atty. Gen., and C. S. Younger, of Celina, Ohio, for defendant.

Before DONAHUE, Circuit Judge, and WESTENHAVER and HOUGH, District Judges.

PER CURIAM. The Palmetto Fire Insurance Company is an insurance corporation organized and existing under the laws of the state of South Carolina. The defendant, Harry L. Conn, is the duly appointed, qualified, and acting superintendent of insurance of the state of Ohio, and a citizen and resident of the state of Ohio. It is averred in the petition that the matter in controversy exceeds, exclusive of interests and costs, the sum or value of $3,000.

In 1924 the plaintiff applied for admission to the state of Ohio, and for the right to do the business of reinsurance in the state, and was granted such right, and duly licensed by the superintendent of insurance of Ohio. The plaintiff brings this action to enjoin the defendant, as insurance commissioner of Ohio, from revoking the license of the plaintiff to do an insurance business in Ohio, and also from in any wise interfering with the operation and carrying out of a certain contract between the plaintiff and the Chrysler Sales Corporation, a corporation organized and existing under the laws of the state of Michigan. Before the day set for the hearing of the motion for a temporary injunction by the court as now constituted, the defendant filed his answer, and by consent of counsel this cause was finally submitted upon its merits.

It further appears from the bill of complaint that on the 16th day of June, 1925, complainant, who was then duly authorized to do business in the state of Michigan, entered into what is called "an open contract of insurance" with the Chrysler Company, which was later modified by a rider attached thereto, and in which it was expressly provided that the rider should supersede and take the place of anything to the contrary in the original contract; that under the terms of the original and supplemental contract the plaintiff agreed to issue certificates of insurance to purchasers of Chrysler cars, wherever sold, the loss, if any, payable to the purchaser of such car if the purchase price had been paid in full, or, if not, then to the dealer or finance company financing the same, the excess thereof to be paid by the dealer or finance company to the owner. It further appears that this open contract of insurance does not purport to cover any particular specific property, and does not touch or cover any property until the car is actually sold by the dealer to his customer. The Chrysler

Company, however, collects from its dealers in the several states, whenever the car is delivered to such dealer, the amount of premium contracted to be paid for such insurance, and the dealer in turn collects a like amount from the purchaser of the car as a part of the purchase price thereof. The sale is then reported, and a certificate of insurance is issued to the purchaser. The Chrysler Company is required to make monthly statements of the sales made by its dealers, and remit to the plaintiff the contract amount of the premiums on all sales made in the prior month.

On June 30, 1925, the defendant notified the Chrysler Company by letter that it would be required to comply with the laws of Ohio in reference to insurance, if its plan included in its contemplation Chrysler cars sold in Ohio. On the 30th day of July, 1925, the plaintiff submitted to the defendant a copy of this contract and supplemental contract, designated as "an open contract" or "a running policy," between the Chrysler Company and the insurance company, and thereupon the defendant notified the complainant that in his opinion the plan was unlawful and prohibited by the Statutes of Ohio, and notified counsel for plaintiff that on Thursday, August 6, 1925, at 10 o'clock a. m., he would consider the revocation of plaintiff's Ohio license, on the ground that the company was violating the Ohio insurance laws.

[1] Counsel for plaintiff did not appear at the time named, but, on the contrary, on the same day and shortly before that hour, notified the commissioner of insurance that it intended to bring this action. The order revoking the license was then made and entered by the commissioner, and notice forwarded to the plaintiff. On the same day, and a few hours thereafter, the plaintiff filed this bill of complaint, and the court, without being advised that the order had already been made, allowed a temporary restraining order. It is claimed on the part of the defendant that, because the order was made after notice that the bill was to be filed, and before the bill was filed or the temporary restraining order allowed, this court has no jurisdiction to restrain the doing of a thing that already has been done.

[2] With this contention we do not agree. Hasty action to anticipate litigation may be rectified by mandatory injunction, and a restraining injunction may be issued to prevent the commissioner from carrying his order of revocation into effect. St. Louis & S. F. Ry. Co. v. Cross (C. C.) 171 F. 480, 495; Harrison v. St. Louis & S. F. Ry. Co., 232

U. S. 319, 332, 34 S. Ct. 333, 58 L. Ed. 621, L. R. A. 1915F, 1187. The commissioner of insurance heard no evidence and made no finding of fact, but it does appear that his action was based on complainant's open insurance contract with the Chrysler Company, which had been filed with him, and the method of doing business thereunder, as fully explained by counsel. These same facts also appear from the plaintiff's bill. It follows, therefore, that if the plaintiff's contract and method of doing business violates any valid statute of Ohio, or any lawful regulation which the state of Ohio may enforce, it would be a useless and futile thing to grant an injunction ordering a cancellation of the order of revocation, even though hastily and informally made. Under such a state of facts, the plaintiff is without equity.

[3, 4] It is the claim of the plaintiff that, notwithstanding the insurance contemplated in the open or running contract does not take effect upon any property whatever until the car is actually sold by a dealer in Ohio to his customer in Ohio, after and in pursuance of such contract of purchase, including car and insurance thereon, it is not an Ohio contract, but a Michigan contract, and is an act done in furtherance of the Michigan contract entered into between the Chrysler Company and the insurance company. However that may be, the transaction comes wholly within the provisions of section 5438, General Code of Ohio, which prohibits an insurance company, legally authorized to transact business in Ohio, from writing, placing, or causing to be written or placed, insurance upon property situated or located in this state, except through a legally authorized agent in this state, who shall countersign all policies so issued and enter the payment of the premium upon his record.

While this section is in furtherance of the state's taxing policy, it is nevertheless a valid provision, with which the plaintiff must comply in order to do business in Ohio. If it were conceded that these special policies of insurance issued to the Ohio purchasers of cars, the premium on which he pays to the Ohio dealer to reimburse him for the amount he paid to the Chrysler Company when he purchased the car from Chrysler are Michigan contracts, nevertheless it is a violation of the law of Ohio, which fixes the terms and conditions upon which the plaintiff may do business in Ohio.

This, of course, does not affect the question of the right of a citizen of Ohio to buy insurance where he pleases and from whom he pleases, nor does it affect the right of a

foreign insurance company to sell to a citizen of Ohio a Michigan contract of insurance; but, on the other hand, it does prevent an insurance company, who has been admitted to do an insurance business in Ohio, from issuing policies upon property in Ohio upon any other terms or conditions than as named in the statute. In other words, it may not accept the benefits of the right and privilege of doing an insurance business in Ohio, and reject the conditions imposed by the statute. Chrysler retail car dealers are not insurance agents, nor are they qualified nor have they attempted to qualify as such under the insurance laws of the state.

The application for an interlocutory injunction and the prayer for permanent injunction will therefore be denied, and the case dismissed, at the cost of complainant.